**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CLAUDIA R. CARTER, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 20-1946 |
| | ) | Judge Nora Barry Fischer |
| LA Z BOY CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

Presently before the Court is an Amended Complaint submitted by pro se Plaintiff Claudia R. Carter, (Docket No. 5), in response to the Court's December 17, 2020 Memorandum Order dismissing this action pursuant to 28 U.S.C. § 1915(e)(2) for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted, (Docket No. 3). The Court liberally construed Plaintiff's allegations in her initial complaint and held that she had failed to state a basis for this Court to exercise subject matter jurisdiction under either diversity or federal question jurisdiction and also found that the facts pled therein otherwise failed to state a claim for relief. (*Id.*). The Court further noted that any amended complaint curing the deficiencies must be filed within 30 days. (*Id.*). Although Plaintiff's Amended Complaint is timely filed, after careful consideration of the allegations set forth therein, she has once again failed to plead sufficient facts to state a plausible claim for relief against Defendant La-Z-Boy Corporation and it appearing that further amendment would be futile, the same will be dismissed, with prejudice.

As previously stated, 28 U.S.C. § 1915(e)(2) requires that a District Court review pleadings filed by individuals who are granted in forma pauperis status and mandates that "the

court shall dismiss the case at any time if the court determines that … the action … is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Therefore, pursuant to this statute, the Court must dismiss a case "if it lacks arguable merit in fact or law." *Stackhouse v. Crocker*, 266 F.App'x. 189 (2008) (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)). In addition, "[f]ederal courts are courts of limited jurisdiction." *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412 (3d Cir. 2010). To this end, this Court can only exercise subject matter jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or civil actions wherein there is diversity of citizenship between the parties and the matter in controversy exceeds $75,000.00, 28 U.S.C. § 1332. "The burden is on the plaintiff to establish the existence of federal jurisdiction." *McCracken v. ConocoPhillips Co.*, 335 F.App'x. 161, 162-163 (3d Cir. 2009) (citing *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993).

The standard of review for failure to state a claim under section 1915(e)(2) is the same as under Rule 12(b)(6). *See D'Agostino v. CECON RDEC*, 2011 WL 2678876, at *3 (3d Cir. 2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)). That is, the allegations in a pro se plaintiff's complaint must be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007), and the Court must "accept all factual allegations in the complaint as true, [and] construe the complaint in the light most favorable to the plaintiff," *see Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). However, a pro se complaint must be dismissed if it does not allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Capogrosso v. Rabner*, 588 F.3d 180, 184-85 (3d Cir. 2009) (applying

*Twombly* and *Iqbal* standard to pro se complaints). Finally, "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245.

In this Court's estimation, Plaintiff's Amended Complaint is subject to dismissal for failure to state a plausible claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2). Here, Plaintiff has utilized a standard Pro Se Complaint for a Civil Case form which she has not fully filled out.  To this end, in the "Basis for Jurisdiction" section of the form, Plaintiff checked the box for "federal question" and simply wrote "Title VII of the Civil Rights Act of 1964."   Next, the sections of the form titled "The Parties to This Complaint" and "Statement of Claim" have been left blank.  In the "Relief" section of the form, Plaintiff writes the following:

> Defendant should compensate the Plaintiff for any and all paid benefits that Plaintiff would have received.  Plaintiff should be compensated for all illegal actions and including but not limited to back pay, front pay, salary, raises, bonuses, insurances, trainings, promotions, reinstatements and seniority.  Plaintiff is also to be awarded for punitive damages allowed by law as well as damages for emotional pain suffering, humiliation and attorney fees and cost.

(Docket No. 5 at 4 (errors in original)).  Although the Court can infer that Plaintiff is bringing her suit against Defendant La Z Boy Corporation, she has not pled <u>any</u> facts supporting a cause of action under Title VII of the Civil Rights Act of 1964 or any employment discrimination theory.  It is simply not enough to cite a law and demand these types of relief to state a plausible claim in federal court.  *See Riboldi v. Warren Cty. Dep't of Human Servs. Div. of Temp. Assistance & Soc. Servs.*, 781 F. App'x 44, 46 (3d Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that merely 'tenders naked assertion[s] devoid of further factual enhancement' is insufficient" to state a plausible claim for relief.).

The Court's final inquiry is whether dismissal should be with prejudice or without

prejudice.  Having considered the matter, the Court finds that dismissal should be with prejudice because any further amendment would be futile.  *Phillips*, 515 F.3d at 245.  The Court previously held that the allegations set forth in the initial Complaint were deficient as she asserted that she was wrongfully terminated from her employment with La Z Boy Corporation on December 6, 2019 after receiving a third "write-up" for allegedly stealing "an $8,000 sale" from a coworker. (Docket No. 3).  She further described her claim as "getting fired based on a deliberate plot, falsifying corporate documents and a lie stating that I stole an 8,000 sale from my co-worker." (*Id.*). The Court dismissed these allegations for failure to state a claim and concluded that Plaintiff had "not referenced any federal employment discrimination statutes as a legal theory supporting her claims nor alleged that she has exhausted administrative remedies prior to filing suit, as is generally required, making any such claims premature."  (Docket No. 3 (citing *Spence v. Straw*, 54 F.3d 196, 202 (3d Cir. 1995) ("We believe that the complaint should be dismissed as premature, rather than untimely, and without prejudice to Spence's potential to file suit again upon exhaustion of administrative remedies.")).  All told, Plaintiff was provided an opportunity to cure the deficiencies in the prior Complaint but did not present any allegations at all in her Amended Complaint, let alone provide additional allegations which would support a cause of action cognizable in federal court.  Therefore, the Court must find that any further amendments would be futile.  *Phillips*, 515 F.3d at 245.

For all of these reasons,

IT IS HEREBY ORDERED that the above captioned matter is dismissed, under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted.   As it appears to the Court that further amendment would be futile, this matter is dismissed, with prejudice.

IT IS FURTHER ORDERED that this case shall remain CLOSED.

_s/Nora Barry Fischer_
Nora Barry Fischer
Senior U.S. District Judge

cc:    Claudia R. Carter
807 Pine Ridge Dr.
Oakdale, PA 15071
(via first class mail)